**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| OPPORTUNITY HOMES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 2:15-cv-00893-APG-GWF<br><br>**ORDER (1) GRANTING DEFENDANT AND INTERVENOR'S SUMMARY JUDGMENT MOTION AND (2) DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**<br><br>(Dkt. #1-1 at 37-40, Dkt. #19) |

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") owned property that was sold at a homeowners association ("HOA") foreclosure sale after Freddie Mac did not pay the HOA assessments. Plaintiff Opportunity Homes, LLC bought the property at the HOA foreclosure sale. Opportunity Homes brought suit in Nevada state court to quiet title to the property. Freddie Mac removed the case to this court. Prior to removal, Opportunity Homes moved for summary judgment, arguing the HOA foreclosure sale extinguished Freddie Mac's interest in the property. After removal, Freddie Mac and intervenor Federal Housing Finance Agency ("FHFA"), in it is capacity as conservator for Freddie Mac, moved for summary judgment, arguing that the HOA foreclosure sale did not extinguish Freddie Mac's ownership interest in the property. Because federal law exempts FHFA's property from foreclosure absent FHFA's consent and there is no evidence FHFA consented to this foreclosure sale, I grant Freddie Mac and FHFA's motion and deny Opportunity Homes' motion.

**I. BACKGROUND**

This is a dispute over property located at 10008 Ivy Patch Street in Las Vegas. The property was located in a common-interest community and subject to assessments due to the HOA, Silverado South Homeowners Association. (Dkt. #1-1 at 46; Dkt. #13-1 at 22-23.) Freddie Mac bought the property in June 2011. (Dkt. #13-1 at 27-28.)

In December 2012, Silverado, through its agent Red Rock Financial Services, recorded a lien for delinquent HOA assessments against the property. (Dkt. #1-1 at 46.) Red Rock sent notices to Freddie Mac regarding the notice of election to sell the property and the notice of the foreclosure sale. (Dkt. #1-1 at 45-60.) Opportunity Homes purchased the property at the HOA foreclosure sale in March 2014. (Dkt. #1-1 at 42.)

Opportunity Homes brought suit in Nevada state court to quiet title. (Dkt. #1-1.) Freddie Mac removed the case to this court. (Dkt. #1.) Prior to removal, Opportunity Homes moved for summary judgment, arguing that under the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), the properly conducted HOA foreclosure sale extinguished Freddie Mac's interest in the property. (Dkt. #1-1 at 37-40.) After Freddie Mac removed the case, FHFA intervened and asserted counterclaims for declaratory relief and to quiet title. (Dkt. #16-1.) Freddie Mac and FHFA then moved for summary judgment, arguing that 12 U.S.C. § 4617(j)(3) precludes foreclosure of Freddie Mac's property interest without FHFA's consent.

Opportunity Homes responds by arguing that § 4617(j)(3) deprives the HOA of due process if it allows Freddie Mac and FHFA to indefinitely refuse to pay the assessments while also denying consent to foreclose. Opportunity Homes also relies on *Freedom Mortgage Corp. v. Las Vegas Development Group, LLC*, 106 F. Supp. 3d 1174 (D. Nev. 2015) to argue that Nevada state law is not displaced through conflict preemption because Freddie Mac could have paid the HOA dues and still complied with FHFA's objectives as conservator. Alternatively, Opportunity Homes contends that FHFA consented to HOA foreclosure sales that pre-date the FHFA's statements issued in April 2015 and December 2014 indicating that FHFA did not consent to HOA foreclosure sales. Additionally, Opportunity Homes argues that Freddie Mac received the notices during the foreclosure process but never objected to the foreclosure, so FHFA impliedly consented. Finally, Opportunity Homes requests I defer ruling on summary judgment to allow it to conduct discovery on whether FHFA consented.

1     In reply, Freddie Mac and FHFA argue that the statute requires FHFA's express consent
2  and FHFA's April 2015 statement makes clear that FHFA never consented to any HOA
3  foreclosure sales.  Freddie Mac and FHFA also argue that Opportunity Homes lacks standing to
4  assert the HOA will be deprived of due process and, in any event, the HOA received due process
5  through the legislative process when Congress passed § 4617(j)(3).  Finally, they oppose
6  continuing the matter for further discovery because there is no basis to question the FHFA's
7  official statement that it has not consented.

8  **II. ANALYSIS**

9     Summary judgment is appropriate if the pleadings, discovery responses, and affidavits
10 demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to
11 judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the
12 outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
13 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict
14 for the nonmoving party." *Id.*

15    The party seeking summary judgment bears the initial burden of informing the court of the
16 basis for its motion and identifying those portions of the record that demonstrate the absence of a
17 genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden
18 then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine
19 issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.
20 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-
21 moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

22    Under § 4617(j)(3), "[n]o property of the Agency shall be subject to levy, attachment,
23 garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary
24 lien attach to the property of the Agency."  For purposes of this subsection, the "Agency" means
25 FHFA acting in its capacity as a conservator or a receiver. 12 U.S.C. §§ 4502(2), 4617(j)(1).

26    Other federal judges in this District have uniformly held that § 4617(j)(3) precludes an
27 HOA foreclosure sale from extinguishing Freddie Mac or FHFA's ownership interest in property

28

without FHFA's consent. *See, e.g.*, *LN Mgmt., LLC Series 5664 Divot v. Dansker*, No. 2:13-cv-01420-RCJ-GWF, 2015 WL 5708799, at *2 (D. Nev. Sept. 29, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-01975-KJD-NJK, 2015 WL 5709484, at *2 (D. Nev. Sept. 29, 2015); *Fed. Nat'l Mortgage Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2015 WL 5723647, at *3 (D. Nev. Sept. 28, 2015); *1597 Ashfield Valley Trust v. Fed. Nat'l. Mortg. Ass'n Sys.*, No. 2:14-CV-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015). For the reasons more fully articulated in these cases and based on the statute's plain and unambiguous language, I agree that § 4617(j)(3) preempts state HOA foreclosure law to the extent that law would permit foreclosure of FHFA's interests without its consent.

There is no dispute that at the time of the HOA foreclosure sale, Freddie Mac owned the property. Thus, Opportunity Homes' reliance on *Freedom Mortgage* to argue that there is no conflict preemption is misplaced. In that case, the federal interest at stake was a federally insured loan, not a direct ownership interest in the real estate or the deed of trust. 106 F. Supp. 3d at 1177. In contrast, here, Freddie Mac directly owned the property and therefore § 4617(j)(3)'s foreclosure bar applies. As to the due process argument, Opportunity Homes lacks standing to assert the HOA's alleged due process rights. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008) (stating a component of prudential standing is "the general prohibition on a litigant's raising another person's legal rights") (quotation omitted).

Finally, the parties dispute whether FHFA's consent can be implied. FHFA contends it must be express based on the statute's language and structure. Opportunity Homes argues consent can and should be implied. FHFA issued statements in April 2015 and December 2014 indicating that it had not, and would not in the future, consent to its interests being extinguished by HOA foreclosure sales. (Dkt. #23-1; Dkt. #15 at 46.) Opportunity Homes argues that the inference to be drawn from these statements is that FHFA consented to sales that pre-date the two statements. Additionally, Opportunity Homes argues that Freddie Mac received the notices of the impending foreclosure but never objected, so FHFA impliedly consented.

When construing a statute, I begin with the statute's plain language. *United States v. Williams*, 659 F.3d 1223, 1225 (9th Cir. 2011). I "examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy." *Id.* (quotation omitted). "If the plain meaning of the statute is unambiguous, that meaning is controlling and [I] need not examine legislative history as an aide to interpretation unless the legislative history clearly indicates that Congress meant something other than what it said." *Id.* (quotation omitted). If the statute is ambiguous, then I may examine legislative history to assist with interpretation. *Id.*

Section 4617(j)(3) exempts FHFA's property from foreclosure "without the consent of" FHFA. Under this plain language, the starting point is that FHFA's property is exempt from foreclosure, and it is only with FHFA's consent that this status quo changes. However, the statute does not explicitly state that the consent must be express nor does it delineate the means by which consent must be given. It therefore is ambiguous as to whether implied consent will suffice.

In *Roell v. Withrow*, the Supreme Court was tasked with construing the language "[u]pon the consent of the parties" contained in 28 U.S.C. § 636(c)(1). 538 U.S. 580 (2003). That statute allows a magistrate judge to preside over a civil trial and enter judgment in the case when designated to do so by the district court and upon the parties' consent. *Id.* at 585. The Supreme Court ruled that this language encompassed implied consent "where . . . the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id.* at 590.

Even assuming § 4617(j)(3) likewise should be construed to allow for implied consent under some circumstances, there is no issue of fact that those circumstances have not been presented at summary judgment in this case. There is no evidence that Freddie Mac or FHFA participated in the foreclosure proceedings but declined to raise the exemption in § 4617(j)(3). *See CAP Holdings, Inc. v. Lorden*, 790 F.3d 599, 600-01, 606-07 (5th Cir. 2015) (remanding for the district court to determine whether the Resolution Trust Company consented under a similar statutory provision where it answered and appeared in a tax foreclosure suit but did not argue that

its consent was required for the foreclosure to occur).  FHFA intervened in this action, raised the exemption in its answer and counterclaim, and now asserts it on summary judgment.

Opportunity Homes takes the position that Freddie Mac's inaction in response to the foreclosure notices and FHFA's silence prior to its two statements amount to implied consent. Based on the statutory language, the statute's objectives, and the reasoning in *Roell*, I disagree. The statute's plain language exempts FHFA's property from foreclosure, and that exemption applies unless and until FHFA consents to its property interest being extinguished.  Thus, FHFA's silence and Freddie Mac's inaction may be attributed to their knowledge that FHFA's interests cannot be foreclosed without its consent, rather than as an indicator that they consented to the extinguishment of FHFA's interests. *See Skylights*, 112 F. Supp. 3d at 1157 (rejecting similar arguments because they "invert section 4617(j)(3)'s requirement that a party attempting to foreclose on property of FHFA obtain its consent by placing the burden on FHFA to proactively protect its interest instead").

The statutory scheme's objectives and policies also support the conclusion that more than mere silence and inaction would be required to constitute consent.  FHFA was created in 2008 when Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA") in response to the housing and economic crises' negative impact on the assets of Freddie Mac and Fannie Mae. Pub. L., No. 110-289, 122 Stat. 2654 (codified at 12 U.S.C. § 4501 *et seq*.); *see also Cnty. of Sonoma v. Fed. Hous. Fin. Agency*, 710 F.3d 987, 989 (9th Cir. 2013); *Leon Cnty., Fla. v. Fed. Hous. Fin. Agency*, 700 F.3d 1273, 1276 (11th Cir. 2012).  HERA granted FHFA the power to place Freddie Mac into conservatorship, "and FHFA did so on September 6, 2008." *Cnty. of Sonoma*, 710 F.3d at 989 (citing 12 U.S.C. § 4617(a)(2)).  As conservator, FHFA has the power to take action to "preserve and conserve the assets and property of the regulated entity." 12 U.S.C. § 4617(b)(2)(D)(ii).  Because one of the statute's objectives is conservation of Freddie Mac's property, Congress likely intended the consent provision to require a showing beyond mere inaction and silence before FHFA's interests in the conserved property would be extinguished.

Finally, *Roell* required knowledge of the need to consent combined with voluntary conduct in submitting to the magistrate judge's jurisdiction to establish implied consent. Here, even if Freddie Mac was aware of the foreclosure proceedings, it is unlikely Freddie Mac knew that its failure to object would amount to consent to FHFA's interests being extinguished. Opportunity Homes has not identified a single case that has interpreted the statute in this fashion. Moreover, neither Freddie Mac nor FHFA engaged in voluntary conduct, as opposed to a failure to act, that would indicate consent. *See CAP Holdings, Inc.*, 790 F.3d at 606-07. Accordingly, there is no genuine issue of material fact that FHFA and Freddie Mac did not consent, either expressly or impliedly, to the extinguishment of FHFA's interest in the property.

Opportunity Homes requests I defer ruling on summary judgment to allow it to conduct discovery on whether FHFA consented. Under Federal Rule of Civil Procedure 56(d), I "may order a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.*

In the affidavit supporting the Rule 56(d) request, Opportunity Homes' counsel requests the opportunity to depose the Conservator on whether the Conservator consented, either expressly or impliedly, to extinguishment of FHFA's interest in the property. (Dkt. #24 at 2.) However, FHFA has already issued a statement that it has not consented to any HOA foreclosure sales extinguishing its interests. (Dkt. #15 at 46 ("FHFA confirms that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens.").) Evidence that the Conservator expressly consented to this sale thus almost certainly does not exist. Additionally, Opportunity Homes does not identify what facts might support implied consent beyond those already offered. I therefore decline to grant Rule 56(d) relief

because the evidence Opportunity Homes seeks to uncover through additional discovery either "is almost certainly nonexistent or is the object of pure speculation." *State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (quotation omitted).

### III.  CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Opportunity Homes, LLC's motion for summary judgment **(Dkt. #1-1 at 37-40) is DENIED**.

IT IS FURTHER ORDERED that defendant Federal Home Loan Mortgage Corporation and intervenor Federal Housing Finance Agency's motion for summary judgment **(Dkt. #19) is GRANTED**.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendant Federal Home Loan Mortgage Corporation and intervenor Federal Housing Finance Agency and against plaintiff Opportunity Homes, LLC.

DATED this 11th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE